Argued February 6, affirmed May 31, petition for rehearing
denied July 2, 1968

## STATE OF OREGON, *Respondent, v.*
## BOB GENE OLAND, *Appellant.*

441 P. 2d 607

*Derrick E. McGavic,* Eugene, argued the cause and filed a brief for appellant.

*John B. Leahy,* District Attorney, Eugene, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and LANGTRY,* Justices.

PERRY, C. J.

The defendant Bob Gene Oland was convicted of the crime of receiving and concealing stolen property and appeals.

A search warrant was issued; the defendant's mobile home was searched and there was discovered concealed behind a heat register two black socks containing, among other things, $111 and $88.07, all in coin.

The defendant moved to suppress the articles discovered in his possession on the ground that the affidavit was insufficient on its face in that statements contained therein were misleading.

The affidavit was executed by a police officer and it stated that he had cause to investigate a burglary of a stated building in Bandon, Oregon; that at the scene of the burglary he discovered fireclay that was a part of the safe that was broken into; that a Mrs. Albert Froland, a reliable informant, observed a described truck with certain license number pull away from a building when the burglar alarm sounded; that he was informed by other police officers that the defendant had rented the truck described and "fireclay similar" to that found at the scene of the burglary was discovered in the truck.

■ The defendant contends that the statements

---

* Langtry, J., did not participate in the decision of this case.

made to the magistrate were misleading because they were based on the fact that before executing the affidavit the officer had not caused an expert to examine the fireclay found in the building and compare it with that found in the truck. This contention is without merit.

■ An affidavit for a search warrant deals only with probable cause, not with clear and convincing evidence. *Jones v. United States,* 362 US 257, 269, 80 S Ct 725, 4 L ed2d 697.

The defendant assigns as error the admitting into evidence by the trial court of statements of the defendant to police officers without defendant being adequately advised of his constitutional rights.

■ One of the officers testified that before defendant was questioned he informed him as follows:

"I advised him of his right to have an attorney, sir, I advised him of his right to have an attorney present. I told him if he didn't have funds to provide his own attorney, that the State would see that funds were available and that anything he told me could be used against him in a court of law; but he could keep silent, he didn't have to say a word to me. I asked Mr. Oland if he understood me thoroughly, he said he did."

The above statement fully advised defendant.

However, he seems to argue, since there were two other officers present when he was advised and only one advised him, that he was not fully informed of his constitutional rights. There is no merit in this contention.

The defendant complains of other errors which we have examined and find without merit.

The judgment is affirmed.